RECEIVED
IN ALEXANDRIA, LA.

JAN 27 2014

TONY R. MOORE, CLERK
            DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DARREN D. SHIVERS | DOCKET NO. 13-CV-2406; SEC. P |
| VERSUS | JUDGE DRELL |
| OFFICER LARD, ET AL. | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Pro se Plaintiff Darren D. Shivers, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections (LDOC), and he is incarcerated at the Winn Correctional Center in Winnfield, Louisiana. He named as defendants Officer Lard, Lt. McDonald, Marlan Moss, Pan Horn, Mona Heyse, Brenda Smiley, and Corrections Corporation of America (CCA). Plaintiff complains that the defendants failed to protect him from harm inflicted by another inmate.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleges that on January 7, 2013, he was informed by two inmate orderlies that he was going to be assigned a cellmate. Plaintiff asked the inmates to let Lt. McDonald know that he could not share a cell with Inmate Ward. [Doc. #1, p.6] Officer Lard entered the tier and told Plaintiff that he had no choice but to share a cell with Inmate Ward. Plaintiff advised Lard that he

could not get along with Inmate Ward. Officer Lard left the tier, but returned later stating that Unit Manager Pam Horn ordered the move of Inmate Ward to Plaintiff's cell. [Doc. #1, p.6]

Officer Lard then instructed Officer Marlon Moss to open Inmate Ward's cell door. Officer Lard escorted Ward into Plaintiff's cell. Plaintiff again told Lard that he and Ward cannot live together. [Doc. #1, p. 7] Inmate Ward stated to Plaintiff, in front of the officers, that he was going to fight with Plaintiff. Lard told Moss to open the cell door. When the door was open, Inmate Ward struck Plaintiff, and "Plaintiff tried fighting back to defend himself." [Doc. #1, p.7] Officer Lard stood and watched the fight. Officer Moss and Lt. McDonald tried to stop the fight.

Plaintiff states that he suffered from severe headaches and vision loss in his right eye, as well as a busted lip that was cut on the top and bottom. [Doc. #1, p.8]

Plaintiff complained that McDonald is liable for the actions of Lard and Moss; that Pam Horn is liable for the actions of Lard, Moss, and McDonald because she is the Unit Manager; that Mona Heyse and Brenda Smiley are liable for the actions of Lord, Moss, McDonald, and Horn; and, that CCA is liable for the action of all defendants. He was ordered to amend his complaint to provide additional information, as neither supervisory officials nor private corporations can be held vicariously liable for their

employees' actions. See Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002); Rosborough v. Mgmt. & Training Corp., 350 F.3d 459, 461 (5th Cir. 2003).

### *Law and Analysis*

Supervisors may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations or (ii) they implement unconstitutional policies that causally result in the plaintiff's injuries. See Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied,* 508 U.S. 951 (1993). Plaintiff was ordered to amend his complaint to allege personal involvement by McDonald, Horn, Heyse, and Smiley, identify an unconstitutional policy implemented by any or all of those defendants that resulted in his injuries, or dismiss the claims against those defendants. His amended complaint states that McDonald was aware that Plaintiff "can't live in the cell" with the other inmate. As for Horn, Heyse, and Smiley, he complains that these defendants failed to conduct an adequate investigation after the assault, and failed to adequately address his administrative grievances. Plaintiff has not sufficiently alleged a claim against Horn, Heyse, and Smiley. An inmate does not have a constitutional right to have his grievances addressed and resolved to his satisfaction. See Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005).

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as under 28 U.S.C. §1915(e)(2)(B) and 1915A **only as to Defendants Horn, Heyse, and Smiley**. The complaint will be served on the remaining defendants.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _27th_ day of January, 2014.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE